IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Patricia A. Coan**

UNITED STATES OF AMERICA

v.

BRANDON GENE MEADORS

Case Number 05-cr-00360-WYD

**ORDER OF DETENTION**

  This matter was before the court for a detention hearing on December 19, 2005. James Allison represented the government and Thomas Henry represented defendant, who was present. The Court took judicial notice of the pretrial services report and heard the testimony of special agent Cody Brent Tracy.

  In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably ensure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably ensure the safety of any other person or the community.

  If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, or certain crimes involving minors, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

  The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

  (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

  (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including –

      (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The court has considered the file, the pretrial services report, the testimony and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, defendant has been charged with passing a counterfeit Federal Reserve note in violation of 18 U.S.C. §472 and with possession of counterfeit Federal Reserve notes in violation of 18 U.S.C. §472.  A rebuttable presumption that defendant should be detained does not apply.

Second, I note that probable cause was required to indict the defendant as charged.  I also considered Agent Tracy's testimony that, in the search incident to defendant's arrest, $6400 in counterfeit notes was found.

Third, from the pretrial services report, I find that defendant was born in Texas and is now thirty-two years old.  He has a brother who lives in Colorado, but his parents and his sister live in Texas.  Defendant has lived in Colorado for about six years with his wife and their two small children.  Defendant completed high school and obtained a journeyman electrician's license.  He has performed electrical work and dry-walling.  Defendant reports use of illicit drugs, and attendance at some drug counseling classes.

Fourth, Defendant has a complicated criminal record, including a felony forgery conviction, numerous failures to appear, which defendant explains occurred because he was incarcerated on other charges, and several driving offenses.  Defendant was on probation at the time he was allegedly involved in the charges here.  Defendant's probation officer considers defendant to have absconded from supervision and a petition to revoke probation is pending.  There are also five unresolved pending cases against defendant.

As a result, after considering defendant's probationary status, the pending probation revocation proceedings, defendant's criminal record, and his use of illicit

drugs, I consider defendant to be a flight risk.  I find that there is a preponderance of the evidence that no condition or combination of conditions for release will reasonably assure the defendant's appearance for court proceedings.  I further find, by clear and convincing evidence, that defendant is a danger to the public for the same reasons.  There is no condition or combination of conditions under which I could release him and assure the safety of the public.

Accordingly, it is hereby

**ORDERED** that defendant is a flight risk and a danger to the public and is to be **detained** pending further proceedings.  It is further

**ORDERED** that defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal.  It is further

**ORDERED** that defendant shall be afforded reasonable opportunity for private consultation with counsel.  It is further

**ORDERED** that upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

Dated December 19, 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge